NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSHUA MILES HARVEY, *Appellant.*

No. 1 CA-CR 18-0207
FILED 6-11-2019

Appeal from the Superior Court in Maricopa County
No. CR 2017-001759-001
The Honorable Annielaurie Van Wie, Judge *Pro Tem*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Offices of Stephen L. Duncan PLC, Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

———————————————————

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer M. Perkins joined.

———————————————————

**B R O W N**, Judge:

¶1          This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Defendant Joshua Harvey was given the opportunity to file a supplemental brief but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Harvey, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶2          Early one morning, Officer Frazier and Detective Lopez were working undercover at a strip club, investigating a complaint about narcotics in the area. The pair exited the club to find a man in the parking lot repeatedly yelling out "got that powder," "got that white," or "got that soft"—common slang for cocaine. Frazier approached the man and exchanged $60 for approximately one gram of white powder. The man gave Frazier his phone number, told Frazier to call him "Quality," and instructed Frazier to contact him if he needed more. Via Facebook, Frazier used this information to identify the seller as Harvey. Frazier contacted Harvey later that night and purchased another gram for $40. Several days later, Frazier and Lopez returned to the strip club and purchased a third gram from Harvey for $40. Subsequent testing confirmed that the powder Harvey had sold the officers was cocaine.

¶3          The State charged Harvey with three counts of sale or transportation of narcotic drugs and one count of manufacture or distribution, or possession with an intent to distribute an imitation controlled substance as cocaine, which was later dismissed at trial. A jury found Harvey guilty. On each count, the jury also found that Harvey committed the crime for pecuniary gain and while on release for a felony. Following a trial on Harvey's historical priors, the superior court found that the State had proved he was a category 3 offender. The court imposed slightly aggravated terms of 19.75 years on count three, 18.75 years on count

two, and 17.75 years on count one, with presentence incarceration credit of 295 days. Harvey timely appealed.

¶4        After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Harvey either waived his right to be present, was present and representing himself with the assistance of advisory counsel or was present and represented by counsel at all critical stages of the proceedings against him.[1]   The evidence presented supports the convictions, and the sentences imposed fall within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Harvey's constitutional and statutory rights. Therefore, we affirm Harvey's convictions and sentences.

¶5        Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Harvey of the outcome of this appeal and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Harvey has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[1]        The superior court accepted Harvey's waiver of counsel only after a thorough colloquy. Prompted by his subsequent disruptive conduct, however, the court attempted to again discuss the matter with Harvey before finding he had withdrawn his waiver; prior counsel was therefore reappointed. *See* Ariz. R. Crim. P. 6.1(e) ("A defendant may withdraw a waiver of the right to counsel at any time."). Before trial, and after reviewing the matter with Harvey, the court found that he knowingly, intelligently, and voluntarily waived his right to be present. *See* Ariz. R. Crim. P. 9.1 ("[A] defendant's voluntary absence waives the right to be present at any proceeding.").